KRAVITCH, Circuit Judge,
concurring:
In the district court’s well-reasoned order it concluded that this case turned on whether “the parties intended to extend the terms of the agreement during negotiations following a notice of termination, or only during negotiations following a notice to modify.” I agree with the district court that this case turns on the parties’ intent. Because, however, MEBA failed to present evidence to show that the parties intended the word “modify” to mean “modify or terminate” in the CBA’s continuation clause, I concur in parts I, II A, II B, and III of the majority’s opinion. Therefore, although the district court offered sound reasoning for its determination that a CBA continuation clause that expressly only requires terms to continue after notice to modify is tendered could be interpreted to read “modify or terminate,” I concur in the reversal because of a lack of evidence that the parties’ intended that meaning in the CBA at issue in this case. I do not concur, however, in part II C of the majority opinion, as I consider it dicta unnecessary to the disposition of this case.